IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COREY ATCHISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF TULSA, OKLAHOMA; ROBERT JACKSON; GARY MEEK; KEN MAKINSON; FRED PARKE; JACK PUTNAM; SCOTT ROGERS; MICHAEL EUBANKS; S.M. IRWIN; HAROLD "BEAR" WILSON; and UNKNOWN OFFICERS, | ) ) ) ) ) ) ) ) ) Case No. 21-cv-00286-TCK-SH |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the Court is Plaintiff's motion to compel documents that non-party Tulsa County District Attorney's Office ("TCDA") claims are privileged attorney work product or otherwise protected. The Court finds that a non-party may assert work product protection and that such protection applies to the majority of the attorney work product withheld by TCDA in this case. The remaining documents sought by Plaintiff are not relevant. However, as the Court finds that a determination of the scope and applicability of the work product privilege as to certain documents is required, the undersigned orders TCDA to produce documents labeled TCDA PL 0061 through 0072 for *in camera* inspection.

### **Background**

Plaintiff Corey Atchison ("Atchison") brought the current lawsuit seeking redress for his alleged wrongful conviction in 1991 for murder. (ECF No. 57.) Plaintiff's conviction was set aside in 2019. (*Id.* at ¶ 9.) Plaintiff alleges he spent 28 years imprisoned based on false reports and other misconduct by City of Tulsa police officers.

(*See generally* ECF No. 57.) Plaintiff has sued the City of Tulsa (the "City") and certain individual police officers. (*Id.* ¶¶ 15-16.) As summarized by Plaintiff, he is alleging the City and the police officers "(a) coerced numerous teenagers into identifying Plaintiff as the shooter and (b) suppressed accurate and true reports of witness interviews . . . ." (ECF No. 112 at 8.)

TCDA is not a party to the litigation, and Plaintiff does not assert that TCDA engaged in any wrongful conduct in its prosecution of him based on the allegedly wrongful information provided by the City and the officers. (*See* ECF No. 57.)

In July 2022, Plaintiff subpoenaed TCDA for "[a]ny and all records, files, and documents relating to the investigation, criminal prosecution, trial, appeals, post-conviction investigation and proceedings" of Atchison's 1991 criminal case. (ECF No. 116-1 at 6.) While TCDA initially objected to producing responsive documents, in compliance with this Court's previous ruling (ECF No. 106), it eventually turned over a portion of the file (ECF No. 112 at 2). It also provided a privilege log detailing the withheld documents. (ECF No. 116-2.)

In the privilege log, TCDA primarily contends that production would be improper because the withheld documents constitute protected attorney work product. (*Id.*) It also argues that one of the documents withheld is further protected under the deliberative process privilege (*id.* at 4-5) and that various others are protected under state statutes and federal regulations (*id.* at 3-4). TCDA maintains that it is not withholding witness statements or factual work product; instead, TCDA indicates that it has limited its withholding to core attorney, or opinion, work product. (ECF No. 116 at 6.)

Plaintiff moves the Court to compel a blanket production of the remainder of TCDA's prosecution file, arguing that the withheld documents are relevant to his claims

and that TCDA's privilege assertions are improper. (ECF No. 112.) Specifically, Plaintiff argues that work product protections are not available to non-parties and that the other privileges TCDA asserts are inapplicable. (*Id.* at 4-7.) Plaintiff also argues that he has shown a substantial need that would overcome any privilege. (*Id.* at 7-9.) TCDA stands on its objections, arguing that the work product protection of *Hickman v. Taylor*, 329 U.S. 495 (1947), is broader than Rule 26 and, therefore, applies to non-parties, and arguing that the deliberative process privilege also applies. (ECF No. 116 at 2-8.) TCDA further argues that Plaintiff has not shown a substantial need to overcome TCDA's privilege and that the documents sought are not relevant. (*Id.* at 8-13.) As such, TCDA asks the Court to deny Plaintiff's motion or, alternatively, to review the documents *in camera*. (*Id.* at 14.)

## Analysis

### I. The Work Product Doctrine

The parties' primary dispute revolves around whether a non-party can claim work product protections. After reviewing *Hickman*, the subsequent federal rules, and applicable case law, the undersigned finds that it can.

#### A. *Hickman*

Any discussion of work product must start with *Hickman*. *See In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) (*Hickman* is "the source of the work-product doctrine"). The Supreme Court decided *Hickman* during a time when numerous courts and the Advisory Committee on the Rules for Civil Procedure were grappling with the issue of what we now call work product. *See* 8 Richard L. Marcus, Federal Practice & Procedure (Wright & Miller) § 2021 (3d ed.). In June 1946, the Advisory Committee issued its report of proposed amendments, which included a

proposal to add work product protections to Fed. R. Civ. P. 30. *See* Report of Proposed Ams. to R. of Civ. P. for the Dist. Cts. of the U.S., 5 F.R.D. 433, 456-57 (1946). The Supreme Court, however, had already granted certiorari in *Hickman* and did not adopt this particular amendment, instead apparently preferring to address the issue through development of the common law. 8 Fed. Prac. & Proc. § 2021.

In *Hickman*, the Court sought to determine "the extent to which a party may inquire into oral and written statements of witnesses, or other information, secured by an adverse party's counsel in the course of preparation for possible litigation after a claim has arisen." 329 U.S. at 497. As the *Hickman* court famously noted,

> In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . . Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

*Id.* at 510-11. The Supreme Court thus determined that this "Work product of the lawyer" was protected from discovery under ordinary conditions and in the case before it. *Id.* at 511-12.

**B.    Rule 26**

Work product remained solely a creature of the common law for many years. However, in 1970, the Advisory Committee found that "[s]ufficient experience has accumulated . . . with lower court applications of the *Hickman* decision to warrant a reappraisal" of whether the issue should be determined "by judicial decision rather than

by rule." Fed. R. Civ. P. 26, advisory ctte.'s note, 1970 am., subdiv. (b)(3). As a result of this reappraisal, that year a protection for trial preparation materials was added to Rule 26 in a form very similar to that now in effect.[1]

As then and currently phrased, Rule 26 provides protection in civil cases only to the trial preparation materials of "another party" or its representative. *See supra* n.1; Fed. R. Civ. P. 26(b)(3). It is undisputed in this case that TCDA is neither a party nor a representative of the City of Tulsa or its police officers. Plaintiff and TCDA agree that Rule 26 does not provide protection in this instance.

### C. *Hickman* Beyond Rule 26

The adoption of Rule 26(b)(3), however, did not end the application of *Hickman*. Courts have repeatedly held Rule 26 did not completely codify the work product protection—the most obvious example of this being in its treatment of tangible versus intangible work product. By its terms, Rule 26 protects only "documents and tangible things." Fed. R. Civ. P. 26(b)(3)(A).

> Nonetheless, Hickman v. Taylor continues to furnish protection for work product within its definition that is not embodied in tangible form, such as the attorney's recollection, in Hickman v. Taylor, of what the witnesses told him. As the Third Circuit has put it, "[i]t is clear from Hickman that work product protection extends to both tangible and intangible work product." Indeed, since intangible work product includes thoughts and recollections

---

[1] "[A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of [Fed. R. Civ. P. 26] . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Proposed Amendments to the Fed. R. of Civ. P. Relating to Discovery, 48 F.R.D. 487, 494 (1970).

> of counsel, it is often eligible for the special protection accorded opinion work product.

8 Fed. Prac. & Proc. § 2024 (quoting *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003)) (footnotes omitted); *see also Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 625-26 (N.D. Okla. 2009) ("The Restatement (Third) of the Law Governing Lawyers more explicitly defines work product; including the 'intangible equivalent' of 'tangible material' from *Hickman* that is absent in Rule 26(b)(3) . . . ." (footnotes omitted)).

In the same way, Courts have also looked at work product in situations not explicitly addressed by *Hickman*. For example, in 1975, the Supreme Court applied *Hickman's* work product protection to criminal cases.

> Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case.

*United States v. Nobles*, 422 U.S. 225, 238 (1975) (footnote omitted).[2]

In another example, in 1998, the Tenth Circuit looked at Rule 26(b)(3) and whether its protections extended to material prepared for <u>another</u> litigation (albeit when the privilege was claimed by a party to the current litigation). *Frontier Refin, Inc. v. Gorman-Rupp Co.*, 136 F.3d 695 (10th Cir. 1998). After reviewing Supreme Court dicta and the decisions of other circuits, the Tenth Circuit concluded "that the work product doctrine extends to subsequent litigation." *Id.* at 703. Notably, in basing this decision on "the reasoning set out in the circuit court opinions" it cited, the Tenth Circuit relied, in part, on a pre-Rule 26 case—*Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551, 557

---

[2] Finding, however, that the defense had waived the protection. *Id.* at 239.

(2d Cir. 1967). *Id.* In *Republic Gear*, Republic sought documents from a non-party attorney that were covered by "'work product' or by the attorney-client privilege arising out of the professional relationship between [the attorney] and his [non-party] clients . . . ." *Id.* at 553-54. On appeal, Republic argued that "the 'work product' shelter is presently unavailable because the documents concerned were not prepared for this litigation . . . ." *Id.* at 555. The *Republic* court disagreed, noting that

> the broad purpose of the rule which is designed to encourage effective legal representation by removing counsel's fear that his thoughts and information will be invaded by his adversary if he records them would be defeated if Republic could gain access to [the attorney's] files by proceeding against a party [the attorney] did not professionally represent but nevertheless a party involved in the same transaction in which [the attorney's] former clients were involved.

*Id.* at 557 & n.4 (citing *Hickman*, 329 U.S. at 511) (also noting, "[a]nd here, of course, [the attorney's] former clients remain suable").

### D. Rule 45

Meanwhile, in 1991, the Advisory Committee amended Rule 45[3] to, among other things, "clarify and enlarge the protections afforded persons who are required to assist the court by giving information and evidence" in response to a subpoena. *See* Fed. R. Civ. P. 45, advisory ctte.'s note, 1991 am., Purposes of Revision. This included adding a new subsection to Rule 45 to "track[] the provisions of [then] Rule 26(c)." Fed. R. Civ. P. 45, advisory ctte.'s note, 1991 am., subdiv. (c).[4] Now, Rule 45 would require the court to

---

[3] Relevant to this motion, "Federal Rule of Civil Procedure 45 governs subpoenas issued to nonparties." *Garrity v. Governance Bd. of Carinos Charter Sch.*, No. CV 20-340 MV/KK, 2021 WL 3033278, at *2 (D.N.M. July 19, 2021).

[4] Over the years, Rule 45 has consistently been amended in tandem with Rule 26 on matters of privilege, *see id.*, 2006 am. (adding procedure to assert privilege or protection after production), or to otherwise match Rule 26's language, *see id.* 2007 am. (amending the language on the manner of asserting privilege).

7

"quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies . . . ." Amendments to Fed. R. of Civ. P., 134 F.R.D. 525, 542 (1991).[5] This provision remains largely unchanged in the current Rule 45(d)(3). *See* Fed. R. Civ. P. 45 (d)(2)(B), (d)(3)(A)(iii) (requiring the court quash or modify a subpoena for privileged information when a "person commanded to produce documents . . . serve[s] on the party or attorney designated in the subpoena a written objection").

E.   **The Application of *Hickman* to Non-Party Work Product**

None of the history or cases cited above definitively require this Court find that work product protection may be claimed by a non-party. For example, by its terms, Rule 45 can apply, in certain circumstances, to both parties and non-parties. *See, e.g.*, Fed. R.

---

[5] In 1991, the Advisory Committee also proposed adding a privilege log requirement to both Rule 26 and Rule 45. While the proposed new provisions were substantively identical, there was an important distinction between the Advisory Committee's notes. *Compare* proposed Rule 26(b)(5), 134 F.R.D. at 641, *with* proposed Rule 45(d)(2), *id.* at 667. The notes for both rules explained that the purpose of the rule was to provide the requesting party "information sufficient to evaluate" the claim of privilege. *Compare* 134 F.R.D. at 643 (proposed Rule 26) *with* Fed. R. Civ. P. 45, advisory ctte.'s note, 1991 am., subdiv. (d). The notes, however, diverged from there. For Rule 26, the Committee noted "[t]he party claiming a privilege or protection cannot decide the limits of that party's own entitlement." 134 F.R.D. at 643 (emphasis added). But, for Rule 45, the Committee noted that "[t]he person claiming a privilege or protection cannot decide the limits of that party's own entitlement." Fed. R. Civ. P. 45, advisory ctte.'s note, 1991 am., subdiv. (d) (emphasis added). In the end, the Rule 26 amendments were not submitted for approval by the Supreme Court. 134 F.R.D. at 526. Instead, the privilege log requirement was added to Rule 26 in 1993, with similar notes that, for the most part, referred to the individual or entity claiming privilege as the "party." *See* Fed. R. Civ. P. 26, advisory ctte.'s note, 1993 am., subdiv. (b) ("The party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. Although the person from whom discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether . . . the privilege or protection applies . . . . The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection." (emphasis added)).

Civ. P. 45(c)(1)(B). Therefore, the reference to "persons" in the rule cannot be read as referring only to non-parties and thus meaning that non-parties can assert work product protections. Similarly, many of the cases finding work product protection extending to subsequent litigation do so by interpreting the literal language of Rule 26, *see, e.g.*, *Frontier Refin.*, 136 F.3d at 703, and that literal language also limits Rule 26's protections to parties.

However, the cases also indicate that the protections of *Hickman* are not entirely codified in Rule 26, and that—instead—where *Hickman* would warrant a finding of protection, that protection applies despite the rule's literal language. *Cendant Corp.*, 343 F.3d at 662; *cf. Qwest*, 430 F.3d at 1186 (noting the work product doctrine "is interpreted under both the rule and *Hickman*"). Moreover, while Rule 45(d) does not explicitly dictate a reading of "persons" who may assert privilege to include only non-parties, given its history, its general language,[6] and the numerous cases finding it to have extended work product protection to non-parties, the Court finds Rule 45 broad enough to encompass such protection.

The undersigned is, therefore, persuaded by the reasoning of other courts who have addressed this issue and have found work product protection for non-parties where

---

[6] While the use of "persons" in Rule 45(d) does not necessitate work product protection apply to non-parties, the undersigned declines to go so far as to declare it utterly meaningless when compared to Rule 26's restriction of the privilege to "parties." *Cf. Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion") (cleaned up) (citation omitted); *S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003) ("It is a well-established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words.").

9

warranted under *Hickman*.[7]  *See, e.g.*, *Stanziale v. Career Path Training Corp. (In re Student Fin. Corp.)*, No. 02-11620 JBR, 2006 WL 3484387, *4-12 (E.D. Pa. Nov. 29, 2006); *Abdell v. New York*, No. 05 CIV. 8453 KMK JCF, 2006 WL 2664313, at *3-7 (S.D.N.Y. Sept. 14, 2006).  Moreover, while not explicitly adopting their reasoning, the undersigned recognizes other courts who have reached similar conclusions.  *See, e.g.*, *In re: Motor Fuel Temperature Sales Pracs. Litig.*, No. 07-MD-1840-KHV, 2010 WL 11431875, at *4 n.27 (D. Kan. July 7, 2010) ("Although Rule 26(b)(3), by its terms, applies to 'parties,' Rule 45(c)(3), (d)(2) extends the same work-product protection to non-parties served with a subpoena."); *Friedland v. TIC—The Indus. Co.*, No. 04-cv-01263-PSF-MEH, 2006 WL 2583113, at *4 (D. Colo. Sept. 5, 2006) ("the work-product doctrine established in *Hickman* . . . does extend beyond the scope of Rule 26(b)(3) . . . and, in fact, provides protection similar to that provided under Rule 45(c)(3)(B)(ii)"); *Fed. Election Comm'n v. Christian Coal.*, 179 F.R.D. 22, 24 (D.D.C. 1998) ("The more considered view appears to be that work product protection applies (1) to materials prepared for any litigation; and that (2) because the rule applies equally to one-time litigants and repeat players, the protection survives the termination of the litigation for which it was prepared; and that under the rationale of *Hickman*, non-parties should be able to assert work product privilege claims even though Rule 26(b)(3) is phrased only in terms of the parties." (citations omitted)).

---

[7] The Court rejects the reasoning of cases that appear to find an absolute bar on work product protection for non-parties. *See, e.g.*, *Seabolt v. City of Muskogee*, No. CIV-07-255-JHP, 2008 WL 2977865, at *2 (E.D. Okla. July 30, 2008); *United States v. Melot*, No. CV 09-0752 JCH/WPL, 2012 WL 12898791, at *4 (D.N.M. Aug. 6, 2012); *Hawkins v. S. Plains Int'l Trucks, Inc.*, 139 F.R.D. 682, 683-84 (D. Colo. 1991).

This finding avoids the "intolerable" result caused by a narrow confinement of work product protection to the parties in a litigation. 8 Fed. Prac. & Proc. § 2024. And, it is in line with well-reasoned secondary sources. Jeff A. Anderson et. al., *The Work Product Doctrine*, 68 Cornell L. Rev. 760, 862 (1983) ("The more realistic position is to view rule 26(b)(3) as a partial codification of Hickman, and to continue to apply the Hickman policies to resolve questions which the rule does not address, such as the applicability of the immunity to nonparty work product." (footnote omitted)); *see also* 8 Fed. Prac. & Proc. § 2024 ("it must be remembered that protection may exist under Hickman v. Taylor itself, even if it is not provided also under [Rule 26], so long as the materials in question were prepared in anticipation of litigation by an attorney").

## II. Application of *Hickman*'s Work Product Protections to TCDA's Documents

The purposes of the work product doctrine set forth in *Hickman* have generally been recognized to include (1) protecting an attorney's ability to formulate legal theories and prepare cases; (2) preventing opponents from "free-loading" off their adversaries' work; and (3) preventing interference with ongoing litigation. *See Clark v. Louisville Jefferson Cnty. Metro Gov't*, No. 3:17-CV-419-GNS-CHL, 2022 WL 4389549, at *13 (W.D. Ky. Sept. 22, 2022); *see also Student Fin. Corp*, 2006 WL 3484387, at *9 (outlining similar purposes).

In this case, the first purpose is implicated, and the Court finds that is enough to trigger application of the privilege. As noted above, TCDA is attempting to withhold its attorney's opinion work product. This is the sort of information highlighted in *Hickman*, 329 U.S. at 511 ("Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten"), and it is the sort of work product entitled to the most protection, *see Qwest*, 450 F.3d at 1186 ("Work product can

11

be opinion work product, which some courts have held to be absolutely privileged, or non-opinion work product, i.e., fact work product, which may be discoverable under appropriate circumstances."). The role of work product "in assuring the proper functioning of the criminal justice system is . . . vital." *Nobles*, 422 U.S. at 238. TCDA is the quintessential "repeat player" whose most basic practices would be affected by the threat of its attorneys' trial preparation strategies being subject to discovery in a subsequent action.

On the face of its privilege log, TCDA is claiming this sort of core opinion work product, including such things as outlines of opening statements and closing arguments, notes on jurors during voir dire, witness interview notes, timelines, and research from the original trial—all written by attorneys. (ECF No. 116-2 at 1-5.) It also includes notes by the attorneys during the post-conviction relief stage, again relating to their thoughts on witnesses from the original preliminary hearing and trial, legal arguments for appeal, and handwritten notes on an appeal brief. (*Id.* at 1, 3-4.) Plaintiff does not argue that any specific document on the privilege log is not fully described or that any of the documents would <u>not</u> qualify as work product in the ordinary case.[8] Instead, Plaintiff hangs his hat on a global argument that TCDA can never assert work product as a non-party, regardless of what the documents contain.

In these circumstances, the Court accepts TCDA's characterization of the majority of the documents at issue with one limited exception. As to TCDA PL 0061 through 0072, it is unclear to the undersigned whether the withheld documents are "opinion" or "ordinary" work product. As ordinary work product includes "materials generated by

---

[8] Plaintiff did not even attach a copy of the privilege log to his motion to compel.

attorneys that are not opinion work product" such as "witness statements," the "notes from interview of Stephanie Jacob," "Notes regarding Ben King," and "interview notes" potentially fall outside the scope of core work product. *Nevada v. J-M Mfg. Co.*, 555 F. App'x 782, 784-85 (10th Cir. 2014)[9] (unpublished) (quoting *Tyson Foods*, 262 F.R.D. at 626); *see also S.E.C. v. Goldstone*, 301 F.R.D. 593, 661 (D.N.M. 2014) (finding, as to an attorney's notes on an interview that "would not constitute verbatim transcripts, but rather, impression from the interview," that "the interview notes and memoranda reflect, at least to some extent, opinion work product <u>as well as fact work product, because they record the witnesses' statements through the filter of an SEC" staff attorney</u> (emphasis added)). As will be discussed below, these are the only documents whose protection Plaintiff may possibly overcome through a showing of substantial need. While TCDA has given the Court no reason to doubt it's statement that it "is not seeking to shield witness statements or factual work product" (ECF No. 116 at 6), given the potential importance of such statements to Plaintiff's case, the undersigned is inclined to proceed cautiously. Thus, the Court orders *in camera* review of TCDA PL 0061 through 0072 to determine the applicability and scope of any work product protection.

However, the Court sees no reason to review the other documents *in camera*. It rejects Plaintiff's blanket assertion of non-privilege and finds no basis in the privilege log to doubt TCDA's remaining assertions of opinion work product.

### III. Plaintiff's Need for the Documents

Again making sweeping, global arguments, Plaintiff asserts that his need overcomes any work product protection claimed by TCDA.

---

[9] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

Once the existence of work product is found, the burden shifts to the opposing party to establish a sufficiently strong need.

> A party seeking ordinary work product must establish a "substantial need for the material in order to prepare for trial" and an inability "without undue hardship to obtain the substantial equivalent of the material by other means." However, a party may overcome "opinion work product" protection only when "extraordinary circumstances justify disclosure."

*Tyson Foods*, 262 F.R.D. at 626-27 (quoting Restatement (Third) of the Law Governing Lawyers §§ 88-89 (2000)); *cf. Frontier Refin.*, 136 F.3d at 704 n.12 ("The circuits are divided on whether there is absolute protection for opinion work product. Some courts have held that opinion work product is absolutely protected; others have concluded it may be discovered under compelling circumstances.").

Here, Plaintiff arguably has established a substantial need for documents labeled TCDA PL 0061 through 0072. As alleged in his motion, Plaintiff's claims hinge on complaints that Defendants "coerced numerous teenagers into identifying Plaintiff as the shooter" and "suppressed accurate and true reports of witness interviews . . . ." (ECF No. 112 at 8 (maintaining that this renders "the prosecutor's record . . . probative [to] police fabrication and suppression of evidence")). The Court agrees that, to the extent these documents contain non-opinion witness statements/information—specifically regarding Stephanie Jacob and Ben King, two parties whose statements Plaintiff alleges were suppressed, fabricated, or coerced (ECF No. 2 at 7-8, 11-12)—they are substantially necessary for Plaintiff to prepare for trial. Plaintiff alleges that "no other entity has these documents . . . ." (ECF No. 112 at 8.) As such, if upon *in camera* inspection the Court finds that these documents are non-core work product and discoverable upon a determination of substantial need, the Court will determine whether such need has been established.

14

That said, Plaintiff has established neither a substantial need nor extraordinary circumstances for the rest of the documents listed in TCDA's privilege log. This case relates to statements of witnesses and whether those witnesses were pressured to change their story by Tulsa police, or whether the statements were suppressed by Tulsa police. TCDA is not a party and is not accused of vindictive or malicious prosecution. Plaintiff's citation, then, to *United States v. Jarrett*, 2010 WL 1577670, *4 (N.D. Ind. Apr. 20, 2010), misses the point. Similarly, there was no decision by the TCDA to dismiss the charges, so there is no evidence "created contemporaneously at the time the decision was made to dismiss the charges." *Cf. Bahena v. City of Chicago*, No. 17 C 8532, 2018 WL 2905747, at *4 (N.D. Ill. June 11, 2018). Reviewing the district attorney's voir dire or closing argument notes is not the "sole way" for Plaintiff to prove his allegations. Instead, his case turns on events before his criminal trial—when the witnesses' statements were allegedly obtained, coerced, or suppressed—and the testimony of those witnesses at trial. Other than potentially for those documents described above, Plaintiff has not shown a substantial need for the TCDA work product, much less the extraordinary circumstances required by those courts that would even allow discovery into opinion work product.[10]

## IV. The Other Documents

Finally, Plaintiff objects to TCDA's attempt to invoke the confidentiality of National Crime Information Center ("NCIC") records and the educational records of Doane Thomas.[11] (ECF No. 116-2 at 3-4.) TCDA argues these documents are plainly not

---

[10] As noted above, some courts would find absolute protection for such work product.

[11] Plaintiff also complains of TCDA's assertion of deliberative process privilege as to one individual document. (ECF No. 112 at 6-7.) As that document was also withheld as work product, the Court need not address whether it is also protected by the deliberative process privilege.

relevant to Plaintiff's claims, and the Court agrees. These documents are a far cry from the sort of information highlighted at the hearing on Plaintiff's original motion to compel, and the mere fact that they are contained in the prosecution file does not make them per se relevant. Again, Plaintiff offers no arguments relating to these specific documents, instead relying on the ruling from the prior hearing that was focused on TCDA's arguments of undue burden and privilege.[12] (*See* ECF No. 112.) Plaintiff has provided no basis on which this Court would compel these discrete documents.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel the Tulsa County District Attorney's Office to Produce Withheld Documents (ECF No. 112) is DENIED in part and HELD IN ABEYANCE in part, pending *in camera* review of documents labeled TCDA PL 0061 through 0072.

IT IS FURTHER ORDERED that TCDA shall produce said documents for *in camera* inspection by May 4, 2023, so this Court may determine the applicability and scope of the work product privilege and whether Plaintiff has overcome such privilege.

ORDERED this 27th day of April, 2023.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[12] In his reply, Plaintiff briefly argues that "the NCIC records were generated as part of the investigation of Plaintiff's criminal case so they are relevant to Plaintiff's" claims. (ECF No. 117 at 3.) But, Plaintiff makes no effort to tie these records to the actual claims he is asserting in this case.