# United States District Court
## for the Northern District of Oklahoma

---

Case No. 4:21-cv-286-JDR-SH

---

COREY ATCHISON,

*Plaintiff*,

*versus*

ROBERT JACKSON; GARY MEEK,

*Defendants*.

---

## OPINION AND ORDER

---

Plaintiff Corey Atchison served twenty-eight years in prison for a murder he did not commit. He sued Defendants Robert Jackson and Gary Meek for their alleged role in coercing witnesses and securing his false conviction. Mr. Atchison and Defendants have submitted motions in limine. Dkts. 164, 165.[1] Mr. Atchison's motions are denied. Defendants' motions are denied in part and reserved for trial in part.

I

Mr. Atchison filed five motions in limine, only one of which is opposed.[2] His opposed motion seeks to exclude evidence that he or other witnesses were at one time affiliated with criminal gangs. Dkt. 164; Dkt. 182 at 1. Evidence of gang affiliation "carries with it a significant danger of undue

---

[1] All citations use CM/ECF pagination. Former Defendants City of Tulsa and Harold Wilson joined Defendants' motion, but all claims against these parties have been dismissed. Dkt. 204.

[2] The Court denies the unopposed motions as moot. Mr. Atchison may reraise the denied motions at trial if Defendants seek to introduce evidence related to them.

No. 21-cv-286

prejudice." *Scott v. City of Tulsa, Oklahoma*, No. 4:17-cv-400-GAG-CDL, 2025 WL 2491384, at *4 (N.D. Okla. Aug. 29, 2025). But a plaintiff's membership in a criminal gang is not always so prejudicial that it must be excluded from evidence. In particular, the Tenth Circuit has held that gang membership evidence may be relevant to show that a witness is biased by membership of the same gang as a defendant or to show that a witness' testimony might be influenced by fear of a defendant or a gang. *United States v. Elkins*, 70 F.3d 81, 84 (10th Cir. 1995).

Mr. Atchison argues that evidence about his and other witnesses' affiliation with any criminal gangs is irrelevant and any probative value of that evidence "would be wholly outweighed by the significant prejudice Plaintiff would suffer if . . . references [to gang affiliation] were made at trial." Dkt. 164 at 2. Defendants respond that Mr. Atchison's affiliation with the Bloods meant that Doane Thomas and Demacio McClendon, two members of a rival gang, the Crips, may have been motivated to give untruthful statements or recant testimony by virtue of their competing affiliation, supporting their defense against Mr. Atchison's claims of coercion. Dkt. 182 at 2. Further, the Defendants argue that Mr. Thomas, Mr. McClendon, and Mr. King each may have been threatened into giving false testimony by other gang members rather than coerced by Defendants. *Id.*

Mr. Atchison attacks the foundation for that argument and argues that he was not a member of a gang, that no witness has indicated that any gang member threatened them, and that Defendants have not pointed to any specific threats made by gang members. Dkt. 187 at 1-3. But Defendants argue that Mr. Atchison was affiliated with the Bloods and specifically cite statements by Mr. McClendon indicating that "he was afraid of the Bloods and what they would do and explained that one Blood had threatened to hurt him if he testified." Dkt. 182 at 3. Further, Defendants cite Mr. Thomas' testimony that "while he was testifying at the preliminary hearing someone threw a Blood sign at him and that someone threatened him." *Id.* This prior

2

No. 21-cv-286

testimony suggests that Mr. McClendon and Mr. Thomas may have falsely testified due to threats. Defendants do not cite any similar testimony about Mr. King, but instead argue that a juror "could find that [Mr.] King must have been telling the truth when he told [Defendants] that [Mr. Atchison] was the shooter . . . [and] that King later recanted at the criminal trial due to fear of retaliation from [Mr. Atchison] or other members of the Bloods." *Id.* at 4.

The gang affiliations of Mr. Atchison, Mr. McClendon, Mr. Thomas, and Mr. King are relevant to Defendants' argument that the three witnesses changed their testimony for reasons other than Defendants' alleged coercion. They follow the two examples discussed in *Elkins*—allegations that Mr. King was a member of the same gang as Mr. Atchison and allegations that Mr. McClendon and Mr. Thomas felt threatened by gang members. 70 F.3d at 84. If introduced solely for this purpose, they will not be unduly prejudicial to Mr. Atchison's case. The Court denies Mr. Atchison's motion but warns Defendants that use of evidence of gang affiliation for any other purpose will not be permitted.

## II

Defendants have filed eight motions in limine, five of which are now moot.[3] Dkt. 165. The remaining motions seek to exclude (a) any reference to the affidavits of Mr. Thomas or Mr. King, or to Mr. McClendon's declaration, (b) any assertions that Mr. King was coerced, and (c) any mention of any determination of Mr. Atchison's actual innocence or claims thereof. Dkt. 165. The Court will address each remaining motion in turn.

---

[3] Mr. Atchison has stated that he does not intend to introduce materials pertinent to three of the motions. Dkt. 181 at 21, 30, 31. Two more motions relate solely to Mr. Atchison's *Monell* claims against the City of Tulsa, which have been dismissed. Dkt. 181 at 30-31; Dkt. 204. All five of these motions are denied as moot.

No. 21-cv-286

### A

Defendants move to exclude the sworn statements of Mr. Thomas, Mr. King, and Mr. McClendon. Dkt. 165 at 3.[4] Mr. Atchison responds that he will not seek to admit Mr. Thomas's or Mr. McClendon's statements unless it becomes impossible to have either testify in open court. Dkt. 181 at 8-13. The Court cannot determine the admissibility of Mr. McClendon's declaration or Mr. Thomas' affidavit without first knowing the purpose of their introduction. Because Mr. Atchison is uncertain if he will introduce them, the Court reserves ruling on Defendant's objections to these statements until trial.

Mr. King has died and is unavailable for trial. *Id.* at 14. But Mr. Atchison states that he does not intend to introduce Mr. King's affidavit. *Id.* He affirms he will only seek to introduce Mr. King's testimony from Mr. Atchison's trial and post-conviction hearing. *Id.* The Court denies Defendants' motion to exclude Mr. King's affidavit as moot.

### B

Next, Defendants argue that the doctrine of collateral estoppel precludes Mr. Atchison from arguing that Mr. King was coerced to give a false statement by members of the Tulsa Police Department. Dkt. 165 at 7. They argue that the issue of Mr. King's coercion was fully litigated in state court and that the final judgment of the Oklahoma Court of Criminal Appeals bars Mr. Atchison from relitigating the issue in this Court. *Id.* Collateral estoppel, also known as issue preclusion, prevents parties from "relitigating an issue of fact or law that was necessary to and determined by a valid and final judgment." *Matter of Application of Oklahoma Gas & Elec. Co.*, 2018 OK 31, ¶ 16, 417 P.3d 1196, 1202. In *Hubbert v. City of Moore, Oklahoma*, 923 F.2d 769, 773

---

[4] Both parties also make additional arguments about the admissibility of these documents for consideration of Defendants' motion for summary judgment. As this Court has already ruled on that motion, these arguments are now moot. Dkt. 204.

No. 21-cv-286

(10th Cir. 1991), the Tenth Circuit determined that Oklahoma law required a "conclusive determin[ation] in a prior criminal proceeding" of an issue in order for collateral estoppel to apply, including an appeal or a preliminary hearing with a judicial decision. *Hubbert* found that collateral estoppel was proper when a court had provided a "full and fair opportunity to litigate the question of probable cause" when it held a preliminary hearing on the probable cause of an arrest, had witnesses testify in the hearing about the arrest, and then issued a judicial finding that there was probable cause. *Id.*

Defendants do not provide the Court any evidence that there was a conclusive determination at trial or a separate preliminary hearing or appeal considering and ruling on the specific question of if Mr. King was coerced. Nor do Defendants point to any separate final order considering and rejecting Mr. Atchison's argument that Mr. King was coerced. Instead, they cite only to the OCCA's final order from Mr. Atchison's first set of appeals. Dkt. 165-15. This order does not address Mr. Atchison's allegations that Mr. King was coerced, nor does it depend on a finding that Mr. King's statement was voluntary. Rather, it addresses only Mr. Atchison's argument that he was denied effective assistance of appellate counsel, denying his appeal on those grounds. *Id.* at 1-2.

Defendants argue that the order is sufficient to trigger issue preclusion because it indicates that "all issues previously ruled upon by this Court are *res judicata*, and all issues not raised in the direct appeal, which could have been raised, are waived." *Id.*; Dkt. 186 at 6. Defendants do not provide any connection between this line and Mr. Atchison's allegations of coercion. Dkt. 186. They do not argue that the voluntariness of Mr. King's statement was "previously ruled upon," nor do they show that Mr. Atchison failed to raise the issue of coercion before the OCCA. Instead, they seek to bolster their argument with a "summary opinion" of the OCCA. Dkt. 186 at 7. That opinion does not discuss any evidence, does not set forth its reasoning, and only briefly refers to the propriety of the State of Oklahoma's impeachment of Mr.

No. 21-cv-286

King. It does not discuss, let alone resolve, Mr. Atchison's allegations of coercion. *Id.*; Dkt. 186-3.

Defendants argue that the jury must have rejected Mr. Atchison's argument that Mr. King was coerced when it reached its verdict, which provides another avenue for preclusion. Dkt. 186 at 6. But Defendants do not show that the voluntariness of Mr. King's testimony was necessary to the jury's finding. In any event, a jury's verdict that has been vacated by a court cannot support a claim of issue preclusion. *Est. of Van Dyke by Van Dyke v. GlaxoSmithKline*, No. 05-cv-153-J, 2006 WL 8430904, at \*4 (D. Wyo. Nov. 1, 2006) (holding "it is clear that a vacated [jury verdict] is deprived of its conclusive effect, which means that it cannot be used for the purposes of collateral estoppel.").

Defendants have not shown that any court considered and ruled upon the question of whether Mr. King was coerced. The two documents which Defendants rely upon do not even mention allegations of Mr. King's coercion. To the extent the jury addressed the issue when reaching its verdict, that verdict has been vacated and cannot support preclusion. Mr. Atchison is not precluded from raising the issue of police coercion of Mr. King.

C

Last, Defendants seek to exclude any mention of any claims or determination of Mr. Atchison's actual innocence. Dkt. 165 at 12. They argue this evidence is irrelevant to any of Mr. Atchison's claims and would be more prejudicial than probative. *Id.*

The bar for relevance is not high. To be relevant, evidence need only have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Mr. Atchison alleges Defendants violated his rights by coercing false evidence to secure a wrongful conviction. The fact that a judge of the Tulsa County District Court determined that Mr. Atchison is innocent of the crime charged tends to make it more probable that

No. 21-cv-286

the conviction was based on false statements or fabricated evidence.[5] So too would any other evidence tending to establish Mr. Atchison's innocence. This evidence is indisputably relevant.

Even if relevant, evidence may not be admissible if its prejudicial impact outweighs its probative value. Fed. R. Evid. 403. Defendants argue that is the case here. Evidence that a judge made a finding of actual innocence is not equivalent to proof that Mr. Atchison is, in fact, innocent of the crime, as "a state court's finding of actual innocence" is a "threshold finding" and is not a "final determination of [Mr. Atchison]'s actual innocence." *Scott*, 2025 WL 2491384, at *2. This evidence is relevant and has some probative value, but it "carries with it the potential of undue prejudice" to Defendants. *Id.*

The Court cannot accurately determine the probative value of this evidence, nor properly evaluate potential prejudice, before trial. *Id.* The Court reserves the motion until then.

### III

For the reasons discussed above, the motions in limine are reserved in part and denied in part, as follows:

(1) Mr. Atchison's Motions in Limine [Dkt. 164]:

    a. Denied as to the exclusion of evidence that he or other witnesses were at one time affiliated with criminal gangs; and

    b. Otherwise denied as moot.

(2) Defendants' Motions in Limine [Dkt. 165]:

    a. Reserved as to the exclusion of the sworn statements of Mr. McClendon and Mr. Thomas;

---

[5] Defendants argue that we should also disregard Judge Holmes' ruling because it was improper under Oklahoma law. This Court is not the appropriate venue for such an argument. The Court will not second-guess a state court's application of state law in vacating a criminal conviction.

No. 21-cv-286

    b.  Denied as to the exclusion of any assertions that Mr. King was coerced;

    c.  Reserved as to any mention of any determination of Mr. Atchison's actual innocence or claims thereof; and

    d.  Otherwise denied as moot.

These rulings are preliminary. The Court reminds the parties of their continued obligation to reassert evidentiary challenges at trial to preserve those challenges for appeal.

DATED this 3rd day of November 2025.

JOHN D. RUSSELL
*United States District Judge*